UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT EARL KENNEDY,

    Petitioner,

v.                                                        Case No. 8:24-cv-1612-WFJ-AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Robert Earl Kennedy is a Michigan prisoner serving a 14-to-21-year sentence for unarmed robbery.[1] He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). In his petition, Mr. Kennedy challenges two 2011 Florida convictions for failure to report as a sex offender. (*Id.* at 1). Shortly after this action was initiated, the Court informed Mr. Kennedy that his petition appeared to be subject to dismissal because he was no longer in custody pursuant to the Florida convictions he sought to attack. (Doc. 3). The Court thus directed Mr. Kennedy to show cause why his petition should not be dismissed without prejudice for lack of jurisdiction. *See Diaz v. State of Fla. Fourth Jud. Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1263 (11th Cir. 2012) ("Whether a petitioner is 'in custody pursuant to the judgment of a State court' is a

---

[1] *See* Michigan Department of Corrections Inmate Database, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=470324 (last visited August 13, 2024).

jurisdictional question."). Mr. Kennedy subsequently filed a response to the show-cause order. (Doc. 5). After careful review, the Court concludes that the petition must be **DISMISSED without prejudice** for lack of jurisdiction.

Federal district courts may not entertain a petition for habeas corpus relief unless the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" language to require "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Accordingly, once the sentence for a conviction has fully expired, the petitioner is no longer "in custody" for purposes of challenging that conviction. *Id.* at 491-92.

Mr. Kennedy fails to satisfy the "in custody" requirement. As noted above, Mr. Kennedy is currently serving a 14-to-21-year sentence for his Michigan convictions. But he does not challenge those convictions in his petition. Instead, he attacks his 2011 Florida convictions for failure to report as a sex offender. (Doc. 1 at 1). For those offenses, Mr. Kennedy received concurrent sentences of two years' imprisonment, and the trial court did not impose a term of probation or supervised release. (*Id.*; *see also* Docs. 3-1, 3-2). Mr. Kennedy was released from the custody of the Florida Department of Corrections in July 2012.[2] Thus, the sentences for his Florida convictions have fully expired, meaning that he is no longer "'in custody' under the conviction[s] . . . under attack" in his petition. *Maleng*,

---

[2] *See* Florida Department of Corrections Inmate Database, https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=133556&TypeSearch=IR (last visited August 13, 2024).

490 U.S. at 490-91; *see also Eato v. Sec'y, Fla. Dep't of Corr.*, 713 F. App'x 860, 862 (11th Cir. 2017) (affirming dismissal of habeas petition because, "[a]lthough Petitioner may have been incarcerated at the time he filed his § 2254 petition, he was not 'in custody' pursuant to the judgment [attacked in his petition]").

Mr. Kennedy offers two arguments in response, but neither is persuasive. First, he contends that the Court may entertain his petition because he is "an actual[ly] innocent man." (Doc. 5 at 2). But there is no "actual-innocence exception to the custody requirement." *Jenkins v. Att'y Gen.*, No. 23-12794, 2024 WL 2860045, at *2 (11th Cir. June 6, 2024) (finding that petitioner failed to show that an "actual-innocence exception" to the "custody requirement applied or even existed"); *see also Alexander v. Georgia*, No. 4:15-cv-061, 2015 WL 4606556, at *1 (S.D. Ga. July 31, 2015) (noting that petitioner "raise[d] . . . 'actual innocence' arguments . . . which go nowhere until he satisfies the custody requirement").

Second, Mr. Kennedy asserts that the sentence he received for his Michigan convictions was "enhance[d]" by his prior Florida convictions. (Doc. 5 at 1-2). "[W]hen [a] § 2254 petition can be construed as asserting a challenge to the current state sentence that was enhanced by an allegedly invalid prior state conviction, the petitioner is 'in custody' for purposes of federal habeas jurisdiction." *Green v. Price*, 439 F. App'x 777, 781-82 (11th Cir. 2011) (citing *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 399-402 (2001)).

Here, as explained above, Mr. Kennedy's petition does not attack his Michigan convictions. But even if the petition were so construed, this action still could not proceed

because Mr. Kennedy *already* filed a § 2254 petition challenging his Michigan convictions. That earlier petition was denied with prejudice, and the Sixth Circuit declined to issue a certificate of appealability. *Kennedy v. Braham*, No. 2:20-cv-13106, 2022 WL 187761, at *5 (E.D. Mich. Jan. 19, 2022), *certificate of appealability denied sub nom. Kennedy v. Burgess*, No. 22-1101, 2022 WL 18797053 (6th Cir. Sept. 2, 2022). Mr. Kennedy cannot file a second or successive petition challenging his Michigan convictions until he receives permission from the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Because he has not done so, the Court cannot entertain his petition even if it were construed as attacking his Michigan convictions.[3] *See Phillips v. Ivey*, No. 4:22-cv-974-ACA-HNJ, 2023 WL 5963764, at *2 (N.D. Ala. Sept. 13, 2023) ("The court lacks subject matter jurisdiction over [the] petition because (1) to the extent [petitioner] seeks to challenge his 2002 adjudications directly, he is no longer 'in custody' pursuant to those adjudications; and (2) to the extent he is challenging the use of his 2002 adjudications to enhance or affect his 2008 convictions, he has not received authorization from the Eleventh Circuit to file a second or successive petition.").

Accordingly, it is **ORDERED** that:

1. Mr. Kennedy's petition (Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

---

[3] Even if Mr. Kennedy had received permission to file a second or successive petition, the proper venue for that petition would be the United States District Court for the Eastern District of Michigan.

2. The **CLERK** is directed to enter judgment against Mr. Kennedy, to terminate any pending motions, and to **CLOSE** this case.

3. To the extent that a certificate of appealability is required to appeal from this order, Mr. Kennedy fails to make "a substantial showing of the denial of a constitutional right," and thus a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2).

**DONE** and **ORDERED** in Tampa, Florida, on August 14, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE